CLD-036                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2727
_____

UNITED STATES OF AMERICA

v.

JEFFREY OLSON,
                    Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 3:17-cr-00240-001)
District Judge:  Honorable Malachy E. Mannion

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 30, 2023
Before:  KRAUSE, FREEMAN, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed December 12, 2023)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jeffrey Olson, proceeding pro se, appeals from the District Court's order dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2241. We will summarily affirm.

In 2018, Olson pleaded guilty to wire fraud, bank fraud, and attempted bank fraud. He was sentenced to a term of imprisonment of 120 months. We affirmed the District Court's denial of Olson's motion to withdraw his guilty plea. United States v. Olson, 799 F. App'x 115 (3d Cir. 2020) (not precedential). In 2021, Olson filed a motion under 28 U.S.C. § 2255, raising ineffective assistance of counsel claims. (ECF 133 & 134.) The District Court denied the motion on the merits. (ECF 141 & 142.)

In April 2023, Olson filed a petition under 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania, claiming that his base offense level under the Sentencing Guidelines was improperly increased based on an intended loss, rather than actual loss, to the victims. (ECF 156.) He relied on our decision in United States v. Banks, where we held that the victim-loss enhancement of U.S.S.G. § 2B1.1 applies only to actual loss, not intended loss. 55 F.4th 246, 255-58 (3d Cir. 2022). The Government opposed the § 2241 petition. (ECF 159.) The District Court dismissed the petition for lack of jurisdiction, holding that a motion under § 2255 was not an inadequate or ineffective remedy. (ECF 162.) Olson appealed. (ECF 163.)

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. In reviewing the District Court's dismissal of Olson's § 2241 petition, we exercise plenary review over its legal conclusions and review any factual findings for clear error. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). We may summarily

2

affirm a District Court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Olson's § 2241 petition sought relief on the ground that his base offense level was increased based on an intended loss, an increase that he asserts was rendered improper by our decision in Banks. But attacks on the validity of a federal conviction or sentence generally must be asserted under § 2255. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Because Olson's initial § 2255 motion was denied on the merits, he cannot file a second or successive § 2255 motion unless he relies on either "newly discovered evidence," § 2255(h)(1), or "a new rule of constitutional law," § 2255(h)(2). Olson's claim did not satisfy either of those requirements. Therefore, Olson sought to proceed under the "saving clause" contained in § 2255(e), which permits a federal prisoner to seek relief under § 2241 when a § 2255 motion would be "inadequate or ineffective to test the legality of [the petitioner's] detention." 28 U.S.C. § 2255(e).

The Supreme Court recently held that the saving clause "preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." Jones v. Hendrix, 599 U.S. 465, 478 (2023). But the saving clause does not permit "an end-run around" the "two—and only two—conditions in which a second or successive § 2255 motion may proceed." Id. At 477. "The inability of a prisoner … to satisfy those conditions[,]" which are described in § 2255(h), "does not mean that he can bring his claim in a habeas petition under the saving clause. It means

3

that he cannot bring it at all." Id. at 480.  Accordingly, the District Court properly dismissed Olson's § 2241 petition for lack of jurisdiction.

For the foregoing reasons, we will summarily affirm the District Court's judgment.